## WARD v. WANDELL.

A tenant who has quit possession, and received notice to give security for the rent within five days, must tender such security before the proceedings are commenced before the justices, under the act of 1825; a tender afterwards is immaterial.

IN error from the Common Pleas of Philadelphia.

*Feb.* 16.   The plaintiff in error was lessee of the defendant; and it appeared from the proceedings before the justices, under the act of 1825, had quitted the premises without leaving sufficient goods, or giving security for payment of the rent.   After proceedings commenced, and before judgment, the tenant tendered ample security for the rent, which the landlord refused.

*H. M. Phillips* and *Ch. Gilpin,* for plaintiff in error, contended that the law looked to security, and not forfeiture, and the general rule in all cases was, that if security was given, a payment made at any time before judgment will discharge the forfeiture: 2 Yeat. 466; 12 Ves. 282, 475.

*Guillou* and *J. A. Phillips,* contrà.— The lapse of time allows the landlord to elect to determine the tenancy.

*Feb.* 19.   COULTER, J.— The five days within which security is to be given is an essential fact or circumstance for the protection of the lessor.   For if the tenant is not then concluded, when will he be?   If it depends on his convenience or pleasure, the remedy is rendered valueless by the lessor.   A time must be fixed, and the time fixed for the statute must prevail.

Judgment affirmed.